UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE MOORE,

        Plaintiff,        Case No. 1:08-cv-731

v.        Honorable Janet T. Neff

UNKNOWN PREVO et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is incarcerated in the Bellamy Creek Correctional Facility, but the events giving rise to his complaint occurred while he was incarcerated at the Riverside Correctional Facility (RCF). In his *pro se* complaint, he sues the following RCF employees: Nurse (unknown) Prevo, Officer Kevin Simmons, Officer "John Doe," Captain (unknown) Satterlee and Inspector L. Brown.

Plaintiff claims that on July 2, 2007, Nurse Prevo informed Officers Simmons and Doe that Plaintiff is HIV positive. Plaintiff claims that the officers are not medical staff, and, thus, Prevo should not have disclosed Plaintiff's medical information to them without Plaintiff's written consent. Plaintiff alleges that Officers Simmons and Doe then told prisoner Franks that he was HIV positive. Plaintiff further claims that Inspector Brown informed prisoner Henton that Plaintiff was HIV positive. Plaintiff contends that Defendants violated his right to privacy by disclosing his HIV status. Plaintiff seeks compensatory damages of $50,000 and punitive damages of $20,000 from each of the Defendants.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source

of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants violated his constitutional right to privacy by disclosing his HIV diagnosis to non-medical prison staff and other inmates. The right to privacy arises under various constitutional amendments, *see e.g., Roe v. Wade*, 410 U.S. 113, 152-53 (1973) (1st, 4th, 5th, 9th, and 14th Amendments); *Griswold v. Connecticut*, 381 U.S. 479 (1965) (1st, 3rd-5th, 9th, and 14th Amendments), and it includes a right to privacy in certain kinds of information. *Whalen v. Roe*, 429 U.S. 589, 598-600 (1977). However, there is no general right to nondisclosure of private information in the Constitution: only those informational privacy interests that involve "fundamental" rights or ones that are "implicit in the concept of ordered liberty" rise to constitutional dimensions. *J.P. V. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981). The Supreme Court has not announced a general rule that medical records enjoy constitutional protection from disclosure. *Id.* at 1088-90; *Tokar v. Armontrout*, 97 F.3d 1078, 1084 (8th Cir. 1996). Consequently, the Sixth Circuit has found that disclosure of medical records does not constitute a breach of a fundamental right. *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995).

Relying on *DeSanti*, the Sixth Circuit specifically held that an inmate's constitutional right to privacy was not violated by the disclosure of an inmate's HIV infection to a corrections officer. *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994)*; see also Coleman v. Martin*, 63 F. App'x 791, 793 (6th Cir. 2003) (prisoner's privacy claim based upon the dissemination of his mental health records to the parole board failed to state claims because the Constitution does not encompass a general right to nondisclosure of private information). Plaintiff, therefore, fails to state a claim upon which relief may be granted.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date:  September 18, 2008                     /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).