UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TYRONE MOORE,

        Plaintiff,                                     Hon. Janet T. Neff

v.                                                  Case No. 1:08-CV-731

UNKNOWN PREVO, et al.,

        Defendant.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Simmon and Brown's Motion to Dismiss, (dkt. #23), Defendant Prevo's Motion to Dismiss, (dkt. #26), and Defendant Satterlee's Motion to Dismiss, (dkt. #31). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant Simmon and Brown's motion be **granted**, Defendant Prevo's motion be **denied as moot**, Defendant Satterlee's motion be **granted**, and this action **dismissed**.


## BACKGROUND

Plaintiff initiated this action on August 4, 2008, against Robert Prevo, Kevin Simmon, Larry Brown, Wayne Satterlee, and "John Doe." (Dkt. #1). The following allegations are contained in Plaintiff's Complaint. Plaintiff is HIV positive. On July 2, 2007, Nurse Prevo informed Corrections Officers Simmon and Doe that Plaintiff is HIV positive. Simmon and Doe subsequently informed inmate Franks that Plaintiff is HIV positive. Inspector Brown later asked inmate Henton if he was aware that Plaintiff suffered from a sexually transmitted disease. Plaintiff asserted that the disclosures by

Prevo, Simmon, Brown, and Doe constituted a "violation of the Fourth Amendment." Plaintiff seeks $250,000 in compensatory damages and an additional $100,000 in punitive damages.

On September 18, 2008, the undersigned recommended that Plaintiff's complaint be dismissed for failure to state a claim. (Dkt. #4). Plaintiff objected to the dismissal of his Fourth Amendment claims and, furthermore, argued that his complaint asserted various state law claims for relief. (Dkt. #11). The Honorable Janet T. Neff adopted the recommendation to dismiss Plaintiff's federal law claims. (Dkt. #12). Judge Neff also rejected Plaintiff's argument that his complaint stated claims under state law. As Judge Neff recognized, Plaintiff's complaint contains no language that can reasonably be interpreted as asserting any such state or common law claims.

Plaintiff appealed the matter to the Sixth Circuit which subsequently affirmed in part and reversed in part the dismissal of Plaintiff's Fourth Amendment claims. *Moore v. Prevo*, 379 Fed. Appx. 425 (6th Cir., May 6, 2010). Specifically, the court concluded that while disclosure of Plaintiff's HIV-positive status to corrections officers did *not* violate Plaintiff's rights, the disclosure of Plaintiff's HIV-positive status to other inmates did violate Plaintiff's rights. *Id.* at 427-28. Accordingly, the Sixth Circuit affirmed the dismissal of Plaintiff's claims "regarding disclosure of medical information to correctional staff," but reversed the dismissal of Plaintiff's claims "regarding disclosure of medical information to other inmates." *Id.* at 429. As for Plaintiff's argument that his complaint asserted state law claims, the Sixth Circuit reversed Judge Neff's determination and remanded the matter "with instructions to consider whether to allow amendment" of Plaintiff's complaint. *Id.*

Defendants Prevo, Simmon, Satterlee, and Brown now move to dismiss Plaintiff's complaint. Defendants argue that Plaintiff's allegations fail to state a claim for violation of his Fourth Amendment rights. Defendants further argue that they are entitled to qualified immunity as to Plaintiff's

Fourth Amendment claims. Defendants also argue that Plaintiff should not be permitted to amend his complaint to assert any new state law claims. Moreover, Defendants argue that to the extent Plaintiff's current complaint is interpreted as asserting any state law claims, such claims should be dismissed without prejudice. Plaintiff has not responded to Defendants' motions to dismiss.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such allegations state a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

> do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

# ANALYSIS

**I.**     **Defendant Prevo**

As discussed above, the Sixth Circuit affirmed the dismissal of Plaintiff's claims that the disclosure to *prison guards* of his HIV-positive status violated his constitutional right to privacy. The only allegations asserted against Defendant Prevo in Plaintiff's complaint are that Prevo disclosed to other prison officials Plaintiff's HIV-positive status. Because Plaintiff's claims against Defendant Prevo have already been dismissed, a determination affirmed by the Sixth Circuit, the undersigned recommends that Defendant Prevo's motion to dismiss be **denied as moot**.

**II.**     **Defendant Satterlee**

To survive a motion to dismiss, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. He must likewise articulate facts sufficient to allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 677. Where a plaintiff names an individual as a defendant, but fails to make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See, e.g., Iqbal*, 556 U.S. at 677-78; *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir., July 22, 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights"). Plaintiff's complaint makes no factual allegations against Defendant Satterlee. Accordingly, the undersigned recommends that Defendant Satterlee's motion to dismiss for failure to state a claim be **granted**.

**III.     Defendants Simmon, Brown, and Doe**

As discussed above, Plaintiff alleges in his complaint that Defendants Simmon, Brown, and Doe revealed his HIV-positive status to inmates in violation of his constitutional right to privacy. Defendants Simmon and Brown assert that Plaintiff's claims must be dismissed on qualified immunity grounds.

   A.     Standard

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of harassing litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). As is well recognized, they can do so only if they can reasonably anticipate when their conduct may give rise to liability for damages, and if unjustified lawsuits are quickly terminated. *Id.* Generally, when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996). The question whether a defendant enjoys qualified immunity is a question of law for the Court to resolve. *See Virgili v. Gilbert*, 272 F.3d 391, 392 (6th Cir. 2001). Defendants assert that they are entitled to qualified immunity because their actions were not objectively unreasonable in light of clearly established law.

When evaluating claims of qualified immunity, the Court employs a two-step analysis. The Court first determines "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If such facts fail to establish a violation of the plaintiff's constitutional rights,

the defendant is entitled to immunity. On the other hand, if the facts establish a violation of the plaintiff's constitutional rights, the Court must then determine whether the right in question was clearly established at the time the defendant acted. The defendant is entitled to qualified immunity unless his "conduct violated a clearly established constitutional right." *Id.* The inquiry whether a particular right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Moldowan v. City of Warren*, 578 F.3d 351, 375 (6th Cir. 2009) (citing *Saucier*, 533 U.S. at 201). The contours of the right in question "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Fisher v. Harden*, 398 F.3d 837, 845 (6th Cir. 2005) (quoting *Saucier*, 533 U.S. at 202). The focus of this inquiry is "on whether the officer had fair notice that her conduct was unlawful." *Lyons v. City of Xenia*, 417 F.3d 565, 579 (6th Cir. 2005).

Where neither the motion for qualified immunity nor the opposition thereto is supported by evidence, the first step of the qualified immunity analysis focuses on the allegations in the plaintiff's complaint and whether such allegations state a claim for violation of the plaintiff's constitutional rights. If, on the other hand, the motion for qualified immunity and/or the opposition thereto are supported by evidence, such must be considered pursuant to the standard applicable to motions for summary judgment. Thus, if the evidence establishes that the defendant did not violate the plaintiff's constitutional rights, qualified immunity is appropriate. *See, e.g., Scott v. Harris*, 550 U.S. 372, 377-86 (2007) (officer entitled to qualified immunity where evidence was such that "no reasonable jury" could have concluded that officer violated the plaintiff's constitutional rights). Likewise, if the right in question was not "clearly established" at the time the defendant acted, the defendant is entitled to qualified immunity.

Generally, to find a clearly established constitutional right, the district court "must find binding precedent by the Supreme Court, its Court of Appeals or itself." *Fisher*, 398 F.3d at 845 (quoting *Ohio Civil Serv. Employees Ass'n v. Seiter*, 858 F.2d 1171, 1177-78 (6th Cir. 1988)). In extraordinary circumstances, however, the decisions of other courts may suffice if such decisions "both point unmistakably to the unconstitutionality of the conduct complained of and are so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting." *Fisher*, 398 F.3d at 845-46 (quoting *Seiter*, 858 F.2d at 1177). However, a single idiosyncratic opinion from another circuit's court of appeals is insufficient to put a defendant on notice of how the Sixth Circuit might decide the issue in question. *See Davis v. Holley*, 835 F.2d 1175, 1182 (6th Cir. 1987).

In determining whether a defendant is entitled to qualified immunity, the focus is on the objective legal reasonableness of his actions in light of clearly established law as it existed when he engaged in the challenged conduct. *See Anderson*, 483 U.S. at 640; *Harlow*, 457 U.S. at 818; *Fisher*, 398 F.3d at 845. Accordingly, the Court must determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Fisher*, 398 F.3d at 845 (quoting *Saucier*, 533 U.S. at 202). Finally, while it "is often appropriate" to evaluate qualified immunity claims by analyzing the two analytical steps in sequence, "[t]he judges of the district courts. . .should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Callahan*, 555 U.S. at 236.

B.   Analysis

Defendants are entitled to qualified immunity because even if Plaintiff's allegations state a claim on which relief may be granted, the right to privacy which Plaintiff herein asserts was not clearly established when Defendants acted. To demonstrate why such is the case, it is necessary to examine a trio of Sixth Circuit decisions: (1) *J.P. v. DeSanti*, 653 F.2d 1080 (6th Cir. 1981), (2) *Doe v. Wiggington*, 21 F.3d 733 (6th Cir. 1994), and (3) *Moore v. Prevo*, 379 Fed. Appx. 425 (6th Cir., May 6, 2010).

1.   *J.P. v. DeSanti*

This action was initiated in United States District Court by a class of juveniles who had appeared, or might appear, before the Juvenile Court of Cuyahoga County, Ohio, on charges of delinquency, unruliness, neglect, dependency, and abuse. *DeSanti*, 653 F.2d at 1081. The plaintiffs challenged certain procedures employed by the Juvenile Court and, furthermore, asserted that the disclosure of certain personal information during the adjudication of a juvenile matter violated the juvenile's "constitutional right of privacy." *Id.* at 1081-82. With respect to the latter claim, the plaintiffs were challenging the practice by Juvenile Court officials of compiling "social" histories of the alleged juvenile offenders which were then shared with other Juvenile Court officials as well as numerous "government, social and religious agencies that belong[ed] to a 'social services clearinghouse.'" *Id.* The District Court found that "the post-adjudication dissemination of social histories violated [the plaintiffs'] constitutional right to privacy." *Id.* at 1082.

On appeal, the Sixth Circuit reversed the District Court's determination on this question. In this respect, the court observed that "[t]he District Court made no attempt to tie the constitutional

right 'to have intimate biographical details protected from exposure by the government' to any particular provision of the Constitution." *Id.* at 1087. As the court recognized, the Constitution "does not explicitly mention a right of privacy" and the Supreme Court has never "recognized the existence of a general right to privacy." *Id.* Instead, as the *DeSantis* court recognized, the Supreme Court's view on the matter was that "personal rights found in (the) guarantee of personal privacy must be limited to those which are 'fundamental' or 'implicit in the concept of ordered liberty.'" *Id.* at 1088 (quoting *Paul v. Davis*, 424 U.S. 693, 713 (1976)). Finding that the information contained in the challenged social histories did not implicate such interests or concerns, the *DeSantis* court held that the dissemination of the information in question did not violate the Constitution. *Id.* at 1088-91.

2. *Doe v. Wiggington*

While incarcerated by the Kentucky Department of Corrections, John Doe tested positive for HIV. *Wiggington*, 21 F.3d at 735. Shortly thereafter, Doe was transferred to a different correctional facility. *Id.* at 736. While being processed into this facility, Doe was questioned by Sergeant Abbott. Abbott asked Doe "a number of routine questions relating to his current medical condition." When Plaintiff refused to answer these questions, Abbott "opened Doe's medical records file, which was stamped 'confidential,'" and learned that Doe had tested positive for HIV. Plaintiff subsequently initiated legal action alleging, in part, that his constitutional right to privacy was violated by the disclosure to Abbott of his HIV-positive status. *Id.*

The District Court dismissed Plaintiff's claims, a determination which Doe appealed to the Sixth Circuit. *Id.* at 735. The Sixth Circuit affirmed the dismissal of Plaintiff's privacy claim as

"foreclosed by the letter and reasoning of our decision in *J.P. v. DeSanti.*" *Id.* at 740. Specifically, the *Wiggington* court observed that:

> There [in *DeSanti*], we considered a claim that the constitutional "privacy" rights of juvenile delinquents were violated by the dissemination of their "social histories" to various governmental, social, and religious agencies. Although we acknowledged that "isolated statements" in *Whalen v. Roe,* 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), and *Nixon v. Administrator of General Services,* 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977), when read out of context, lent some support to the juveniles' claim, we noted that recognition of a constitutional right of nondisclosure would force courts to "balanc[e] almost every act of government, both state and federal, against its intrusion on a concept so vague, undefinable, and all-encompassing as individual privacy." We further noted that "[i]nferring very broad 'constitutional' rights where the Constitution itself does not express them is an activity not appropriate to the judiciary." We therefore concluded that "the Constitution does not encompass a general right to nondisclosure of private information." Doe's privacy argument is indistinguishable from that made in *DeSanti,* so we must reject it.

*Id.* (internal citations omitted).

### 3. *Moore v. Prevo*

As discussed above, Plaintiff initiated this action on August 4, 2008, against Defendants Prevo, Simmon, Brown, Satterlee, and Doe. Plaintiff alleges that Defendants Prevo, Simmon, Brown, and Doe disclosed to others his HIV-positive status in violation of his Fourth Amendment right to privacy. Relying on the Sixth Circuit's decisions in *DeSanti* and *Wiggington*, the undersigned recommended that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. Judge Neff adopted this recommendation, relying on the Sixth Circuit's decision in *Wiggington*. Plaintiff appealed the matter to the Sixth Circuit.

With respect to Plaintiff's claims that his HIV-positive status was disclosed to other corrections officers, the Sixth Circuit stated that "[t]he district court correctly held that, under our precedent, inmates have no constitutional privacy right barring disclosure of an inmate's HIV-positive status *to corrections officers*." *Prevo*, 379 Fed. Appx. at 427. The Sixth Circuit, however, reversed the dismissal of Plaintiff's claims that Defendants revealed his HIV-positive status to *inmates*. *Id.* To reach this conclusion, the *Prevo* court adopted "in full" a decision by the Third Circuit that an inmate enjoys a constitutional right of privacy "against disclosure of his sensitive medical information, especially to other inmates." *Id.* (citing *Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001)). Accordingly, the *Prevo* court concluded that "as a matter of law, inmates have a Fourteenth Amendment privacy interest in guarding against disclosure of sensitive medical information from other inmates subject to legitimate penological interests." *Id.* at 428.

The dissent in *Prevo* took issue with the distinction, between disclosure of sensitive information to prison guards and disclosure of such information to inmates, on which the majority relied. Specifically, the dissent observed as follows:

> The majority distinguishes *Wigginton* on the ground that it involved the disclosure of an inmate's HIV status by one prison official to another, whereas here the plaintiff alleges that prison officials disclosed his HIV status to other inmates. But nothing in *Wigginton* turned on the recipient of the message. Instead, *Wigginton* involved merely a straightforward application of our holding in *J.P. v. DeSanti*, under which private information receives no constitutional protection unless it relates to one of "those personal rights that can be deemed 'fundamental' or 'implicit in the concept of ordered liberty.'" *DeSanti* itself involved a claim of constitutional protection for reports of "social histories" prepared by probation officers in juvenile-court cases. We held that dissemination of those reports did not violate the juveniles' constitutional rights of privacy, because the information they contained was "far afield" from any fundamental right. Thus, when we stated in *Wigginton* that the inmate's "privacy argument [was] indistinguishable from that made in *DeSanti*," we meant that the information at stake - the fact of an inmate's

> HIV infection - did not implicate a fundamental right and thus did not trigger any constitutional protection at all. That, in my view, renders irrelevant the distinction between the recipient in *Wigginton* and the recipient here.

*Id.* at 429.

The majority in *Prevo* responded to the dissent's analysis, acknowledging that *DeSantis* and *Wiggington* "can be read" as holding that "prisoners have no constitutional right to privacy with regard to their personal information, period." *Id.* at 427 n.4. While the majority concluded that *DeSantis* and *Wiggington* "rest on narrower grounds that do not foreclose Moore's claims," it nevertheless acknowledged that the dissent's reading of *DeSantis* and *Wiggington*, and the conclusions reached by such a reading, were not "unreasonable." *Id.*

4. Plaintiff's Allegations Do State a Claim for Violation of a Constitutional Right

Defendants assert that they are entitled to qualified immunity because Plaintiff's allegations, that disclosure of his HIV-positive status to inmates violated his constitutional right to privacy, fail to state a claim on which relief may be granted. In support of this argument, Defendants assert that Plaintiff's HIV-positive status was a matter of public record by virtue of his conviction for engaging in sexual penetration with another person without first informing that person of his HIV-positive status. *See* Mich. Comp. Laws § 333.5210. This information does not appear to have been previously known to, or considered by, this Court or the Sixth Circuit.

While Defendants' argument is not unpersuasive, the Court notes that the Sixth Circuit's decision in *Prevo* did not turn on whether Plaintiff's HIV-positive status was confidential or a matter of public record, but instead whether such information was "sensitive." *See Prevo*, 379 Fed. Appx. at 428 ("as a matter of law, inmates have a Fourteenth Amendment privacy interest in guarding against

disclosure of *sensitive* medical information from other inmates subject to legitimate penological interests"). On this question, the Sixth Circuit has already determined that the subject information was sufficiently "sensitive." While the Sixth Circuit's decision in *Prevo* is unpublished and, therefore, not controlling within the circuit, it is nevertheless the controlling authority in this particular case. Accordingly, while the Court finds the majority's reasoning in *Prevo* unpersuasive,[1] the Court is nevertheless bound in this instance by its determination. Accordingly, the undersigned concludes that Plaintiff's allegations that disclosure of his HIV-positive status to inmates states a valid claim for violation of his constitutional right to privacy.

        5.        The Right in Question Was Not Clearly Established when Defendants Acted

A review of the Sixth Circuit's decision in *Prevo* reveals that the right recognized therein, a constitutional privacy interest preventing disclosure to inmates of sensitive medical information, was not "clearly established" when Defendants acted. As discussed above, the majority decision in *Prevo* was premised entirely on authority from the Third Circuit. The relevant Sixth Circuit authority in effect when Defendants acted, *DeSantis* and *Wiggington*, clearly supported the dismissal of the claims in question. With respect to *DeSantis* and *Wiggington*, the authority on which this Court relied in previously dismissing Plaintiff's action, the *Prevo* court acknowledged that such authority could reasonably have been read as supporting the dismissal of the claims in question. The majority's concession on this point makes clear that Defendants could not reasonably have understood that their conduct was (or would subsequently be found) unlawful. Accordingly, the undersigned recommends that Defendants Simmon and Brown are both entitled to dismissal of Plaintiff's claims on qualified

---

[1] Other courts have examined the majority's analysis in *Prevo* and likewise found it unpersuasive. *See, e.g., Murphy v. Rozen*, 2012 WL 1150809 (W.D. Mich., Apr. 5, 2012); *Holden v. Michigan Department of Corrections*, 2012 WL 2317538 (W.D. Mich., June 18, 2012).

immunity grounds. The undersigned further recommends that Plaintiff's claims against Defendant Doe likewise be dismissed on qualified immunity grounds.

**IV.        State Law Claims and Amendment of Plaintiff's Complaint**

As discussed above, in his objections to the initial recommendation that his federal law claims be dismissed, Plaintiff argued that his complaint also asserted various state law claims. The Court rejected this objection. The Sixth Circuit reversed this determination and instead remanded the matter to this Court to consider whether to permit Plaintiff to amend his complaint.

The Court reiterates that Plaintiff's complaint contains no language that can reasonably be interpreted as asserting any state law claims. Moreover, the Court discerns no basis for permitting Plaintiff to amend his complaint to assert state law claims. Plaintiff has not moved to amend his complaint. More importantly, even if Plaintiff were permitted to amend his complaint to assert claims under state law, the undersigned would simply recommend that such be dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Wojnicz v. Davis*, 2003 WL 21774162 at *3 (6th Cir., July 29, 2003) (same). The undersigned recommends, therefore, that Plaintiff not be permitted to amend his complaint and that instead, his remaining federal law claims be dismissed for the reasons discussed herein.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant Simmon and Brown's Motion to Dismiss</u>, (dkt. #23), be **granted**; <u>Defendant Prevo's Motion to Dismiss</u>, (dkt. #26), be **denied as moot**; <u>Defendant Satterlee's Motion to Dismiss</u>, (dkt. #31), be **granted**; and this action **dismissed**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,

Date: February 5, 2013                /s/ Ellen S. Carmody
                                                      ELLEN S. CARMODY
                                                      United States Magistrate Judge