UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TYRONE MOORE,

    Plaintiff,                                                       Case No. 1:08-cv-731

v                                                              HON. JANET T. NEFF

UNKNOWN PREVO, et al.,

    Defendants.
_____/


**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his Fourth Amendment rights, along with various state-law claims. Defendants filed motions to dismiss under FED. R. CIV. P. 12(b)(6), asserting a defense of qualified immunity (Dkts 23, 26 & 31). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motions. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objection and issues this Opinion and Order.

Plaintiff's single-page objection is titled a "Motion in Opposition to Defendants Dismissal, Pursuant to Powell v. Schriver 175 F.3d 107, 112-13 (2d Cir. 1999) & Anderson v. Romero 72 F.3d 518, 523 (7th Cir. 1995)." In his objection, Plaintiff requests that this Court deny the pending

motions to dismiss based upon the two authorities included in the title to his document. He argues that

> the second circuit held that prisoner[s] do have a constitutional right to keep previously undisclosed medical information confidential as long as the disclosure is not reasonably related to a legitimate penological interest. Defendants violated this constitutional rights by informing non-medical staff members of Plaintiff['s] HIV status, also when asking inmates of their knowledge of Plaintiff['s] HIV status. Plaintiff's HIV status was not public information at that time.

(Pl. Obj., Dkt 44 at 1; R&R, Dkt 35 at 13).

Plaintiff's argument is without merit. The Magistrate Judge (1) agreed that a violation of Plaintiff's constitutional rights occurred, but (2) concluded that the constitutional right for which Plaintiff seeks redress was not clearly established (R&R, Dkt 35 at 13-14). Accordingly, Plaintiff's "objection," which is wholly focused on whether Defendants violated his constitutional rights, is misplaced.

To the extent Plaintiff's objection can be read as addressing the second part of the Magistrate Judge's analysis, Plaintiff does not address the three Sixth Circuit cases upon which the Magistrate Judge relied for the conclusion that his right against disclosure to fellow inmates was not clearly established. Moreover, neither of the two out-of-circuit cases Plaintiff references demonstrate any error in the Magistrate Judge's legal analysis.

In *Powell v. Schriver,* 175 F.3d 107 (2d Cir. 1999), the Second Circuit addressed two issues: (1) whether "the Constitution protect[s] a prisoner's right to maintain the confidentiality of … transsexualism," *id.* at 110; and (2) "whether this constitutional right to privacy exists in prison," *id.* at 112. The Second Circuit held that "individuals who are transsexuals are among those who possess a constitutional right to maintain medical confidentiality." *Id.* at 112. The Second Circuit also determined that "no legitimate penological concern has been posited" that would allow prison

officials to disclose Powell's transsexualism, "nor do the facts lend themselves to such an inference." *Id.* at 113.

Powell is distinguishable from Plaintiff's case at bar inasmuch as the circumstances giving rise to the privacy concern (an HIV infection versus transsexuality) differ. Indeed, as the panel in *Powell* observed, "it is easy to think of circumstances where disclosure of an inmate's HIV-positive status *would* further legitimate penological interests." *Id.* at 112-13 (indicating that several circuits have upheld against constitutional challenge the practice of segregating HIV-positive prisoners from the rest of the prison population, on the theory that such segregation is a reasonable anti-contagion measure "even though it incidentally and necessarily effects disclosure").

In *Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995), the Seventh Circuit more squarely addressed whether a prisoner's right to non-disclosure of his HIV status was clearly established. However, the Seventh Circuit's decision does not demonstrate any error in the Magistrate Judge's analysis in this case. Rather, the appellate panel in *Anderson* concluded that "[n]either in 1992 nor today was (is) the law clearly established that a prison cannot without violating the constitutional rights of its HIV-positive inmates reveal their condition to other inmates and to guards in order to enable those other inmates and those guards to protect themselves from infection." *Id.* at 524. The court further notes that "even if a right of prisoners to the confidentiality of their medical records in general had been clearly established . . ., it would not follow that a prisoner had a right to conceal his HIV status." *Id.* The *Anderson* decision thus offers no support for Plaintiff's objection to the Report and Recommendation, even assuming arguendo that Plaintiff presented a cogent challenge to the Magistrate Judge's specific conclusion that the constitutional right for which Plaintiff seeks redress was not clearly established.

In sum, Plaintiff's objection fails to demonstrate any error in the Magistrate Judge's Report and Recommendation, and the objection is therefore denied. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 44) are DENIED and the Report and Recommendation (Dkt 35) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Simmon's and Brown's Motion to Dismiss (Dkt 23) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Prevo's Motion to Dismiss (Dkt 26) is DENIED as moot.

**IT IS FURTHER ORDERED** that Defendant Satterlee's Motion to Dismiss (Dkt 31) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: September 16, 2013 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge